UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA J. RIEDE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROSA OLMOS, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-1874-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING CASE** |

　　　　Defendants' motion to dismiss came on for hearing before this court on June 24, 2015. Plaintiffs Barbara Reide and Mike Reide ("plaintiffs") appeared through their counsel, William Paynter. Defendants Community Health Clinic Olé, Rosa Olmos, Evelyn Cazares, Laura Paoletti, Charlene Reilly, Pamela Higgins, Jennifer Despres, Rebecca Levy-Gantt, and Jerome Solomon ("the moving defendants") appeared through their counsel, Rebecca Falk. Defendants Napa Obstetrics and Gynecologists/Queen of the Valley Medical Center and St. Joseph Health/Queen of the Valley Medical Center ("the non-moving defendants") appeared through their counsel, Lauren Tate. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss as stated at the hearing, and as follows.

　　　　The moving defendants have filed a certification asserting that Community Health Clinic Olé is covered by the Federal Tort Claims Act ("FTCA"), as are its employees (specifically, Olmos, Cazares, Paoletti, Reilly, Higgins, Despres, Levy-Gantt, and Solomon), who were acting within the scope of their employment at the time of the

1  incidents alleged in this suit.  See Dkt. 2, ¶ 2.  Based on the certification, the moving
2  defendants argue that the claims against them should be dismissed, and that the United
3  States should be substituted in their place.
4        Plaintiffs do not challenge the substitution as to Community Health Clinic Olé, but
5  argue that there are factual disputes as to whether the individual defendants were acting
6  within the scope of their employment, and thus, request that dismissal and substitution be
7  denied at this time.
8        The government's certification constitutes prima facie evidence that the employees
9  were acting in the scope of their employment.  Billings v. U.S., 57 F.3d 797, 800 (9th Cir.
10  1995); Pauly v. Dept. of Agriculture, 348 F.3d 1143, 1151 (9th Cir. 2003).  The
11  certification is conclusive unless challenged, and may be overcome only by "presenting
12  evidence and disproving the Attorney General's certification by a preponderance of the
13  evidence." Billings, 57 F.3d at 800.  Plaintiffs admit that they cannot meet this standard,
14  and instead request the opportunity to take the deposition of at least one of the
15  employees.  Based on plaintiffs' failure to meet the preponderance of the evidence
16  standard, the moving defendants' request that they be dismissed and that the United
17  States be substituted is GRANTED.
18        The moving defendants then request that the claims against the United States be
19  dismissed for failure to exhaust under the FTCA.  Indeed, the Supreme Court has held
20  that "the FTCA bars claimants from bringing suit in federal court until they have
21  exhausted their administrative remedies," and specifically rejected the argument that
22  exhaustion need not necessarily occur before the filing of a lawsuit, and need only occur
23  before "substantial progress" is made in the suit.  McNeil v. U.S., 508 U.S. 106 (1993).
24  As a result, the claims against the United States are DISMISSED for failure to exhaust,
25  though the dismissal is without prejudice to re-filing the claims after exhaustion.
26        Finally, the court finds that it lacks subject matter jurisdiction over the remaining
27  claims, asserted against Napa Obstetrics and Gynecologists/Queen of the Valley Medical
28  Center, St. Joseph Health/Queen of the Valley Medical Center, Julio Espinosa, Richard

United States District Court
Northern District of California

Waters, and Francine Morisette. Though the court may address the issue of subject matter jurisdiction sua sponte, the non-moving defendants raised the issue at the hearing by requesting remand, and plaintiffs did not oppose the request. Accordingly, as to the portion of the case that has not been dismissed (i.e., the claims brought against Napa Obstetrics and Gynecologists/Queen of the Valley Medical Center, St. Joseph Health/Queen of the Valley Medical Center, Julio Espinosa, Richard Waters, and Francine Morisette), the case is REMANDED to the Napa County Superior Court.

## CONCLUSION

For the foregoing reasons, defendants Community Health Clinic Olé, Rosa Olmos, Evelyn Cazares, Laura Paoletti, Charlene Reilly, Pamela Higgins, Jennifer Despres, Rebecca Levy-Gantt, and Jerome Solomon are DISMISSED from the case and the United States is substituted in their place; the claims against the United States are DISMISSED without prejudice pending administrative exhaustion; and the claims against Napa Obstetrics and Gynecologists/Queen of the Valley Medical Center, St. Joseph Health/Queen of the Valley Medical Center, Julio Espinosa, Richard Waters, and Francine Morisette are REMANDED to the Napa County Superior Court.

**IT IS SO ORDERED.**

Dated: June 24, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge